JAMES MARSH & another *vs.* ASA WOODBURY & Trustee.

The provision in the Rev. Sts. c. 74, § 5, respecting the recording of mortgages of personal property, applies only to goods and chattels capable of delivery; and not to defeasible or conditional assignments of choses in action.

THIS case came before the court upon exceptions to the ruling of *Dewey*, J. The facts appear in the opinion of the court.

*Newton*, for the plaintiffs.

*Merrick*, for the trustee.

SHAW, C. J. The supposed trustee is the executor of the will of Moses Adams, and the object of the attachment is to hold a legacy, given by the will of said testator to his daughter, the wife of the principal defendant. The trustee disclosed an assignment of said legacy to one Zadock Woodbury, conditioned to be void on the payment of a certain sum. The assignee being summoned in, pursuant to the Rev. Sts. c. 109, § 17, to try the validity of the assignment, the plaintiff objected to the admission of the assignment as evidence, without showing that it had been recorded in the town clerk's office; contending that it was a mortgage of personal property, and so, by the Rev. Sts. c. 74, § 5, not valid unless so recorded.

This objection was overruled by the judge who sat at the trial.

The court are of opinion, that the language of the statute, taken with the context and subject matter, applies only to goods and chattels capable of delivery, and not to the defeasible or conditional assignment of a chose in action; and therefore that it is not necessary to the validity of such assignment of a chose in action, that it be recorded in the town clerk's office.

*Exceptions overruled.*